UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF FLORIDA
CASE NO.:   17-cv-23661

GIOVANNI PONS,

    Plaintiff,

v.

CITY OF MIAMI,

    Defendant.

_____/

## PLAINTIFF'S COMPLAINT AND DEMAND FOR JURY TRIAL

Plaintiff, GIOVANNI PONS ("Plaintiff" or "Pons") sues the Defendant, CITY OF MIAMI, a political subdivision ("Defendant" or "the City"), and alleges:

### INTRODUCTION

1. This action is brought under Title VII and the Florida Civil Rights Act ("FCRA") for retaliation.

### JURISDICTION AND VENUE

2. This Court has jurisdiction over this action pursuant to 28 U.S.C. §1331 and Title VII.  The Court's supplemental jurisdiction is invoked for the Plaintiff's state law claims pursuant to 28 U.S.C. §1367.

3. Defendant is located and the Defendant's unlawful conduct was committed within the jurisdiction of the Miami Division of the United States District Court for the Southern District of Florida.

### PARTIES

4. Plaintiff is a male of legal age and is resident of Miami-Dade County, Florida and at all times relevant to this action he was employed by the City as a probationary Firefighter.

5. The City is a municipal political subdivision organized under the laws of the State of Florida and is located in this judicial district. The City funds and controls the City's Fire-Rescue Department.

## EXHAUSTION OF REMEDIES

6. Pons has complied with all conditions precedent to jurisdiction under Title VII and the FCRA in that Pons filed his Charge of Discrimination with the Equal Employment Opportunity Commission ("EEOC") and the Florida Commission on Human Relations ("FCHR") within 300 days of the unfair employment practices alleged in this Complaint; Pons has filed this suit within 90 days of receiving a Right to Sue notice from the EEOC; 180 days have elapsed since the Charge of Discrimination was filed with both the EEOC and the FCHR and the FCHR has not issued a determination in that time period; and Pons is filing this Complaint within the FCRA's four (4) year statute of limitations for the alleged retaliatory acts. Thus, all administrative prerequisites have been satisfied and this suit is timely filed. True copies of Pons' Charge of Discrimination and Notice of Right to Sue are attached as Exhibits 1 and 2.

## FACTUAL BACKGROUND AND GENERAL ALLEGATIONS

7. Pons along with his sister, Genevieve Pons, began Firefighter Recruit training at the City's Fire-Fighter Academy on April 6, 2015.

8. Ms. Pons was sexually harassed and discriminated against by her instructors, supervisors and at least one peer Firefighter Recruit.

9. Pons repeatedly objected to the treatment Ms. Pons was experiencing during her training including but not limited to the Chief of Training, Maurice Kemp (may be Tyrone McGann).

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web: gallup-law.com

10. Some of the conduct that Ms. Pons was subjected to included being asked to perform exercises with male recruits faces in her genital area or vice versa her face in the crotch of males, vulgar and harassing remarks, flirtatious remarks and sexual advances, told she should give her "panties" to an instructor for favors, being leered at in the locker room dressing area on the second floor, which was separated by curtains with males changing completely undressed on both sides, told she did not perform her exercises correctly when she did, set up on assignments to fail amongst other things.

11. On August 3, 2015, Ms. Pons made a formal written complaint of gender discriminaton and sexual harassment with the City.

12. On or about August 10, 2015, Ms. Pons was terminated from the training program.

13. Subsequent to Pons complaints about his sister's treatment, he was retaliated against by his superiors. For example, in September 2015, his locker, of which only supervisors have the combinations, was vandalized, his car and house keys were stolen and he received ten (10) demerits for not being able to put his phone in his car, due to his car keys being stolen from his locker.

14. After graduating the Fire-Fighter Academy on September 18, 2015, Pons began the customary six (6) month probationary period as a Fire Fighter.

15. Pons was subjected to comments about his sister's discrimination and sexual harassment complaint against the City and continued to be retaliated against. To wit: in March 2016 he was asked to sign a memo reflecting that his January 2016 satisfactory rating was being changed to unsatisfactory. Pons was told that he would be terminated if he did not sign the memo. On March 10, 2016, Pons was subject to another six (6) months probation on the pretense that his evaluations were unsatisfactory. Pons was not given any documentation as to why his probationary period was being extended, but rather it was all word of mouth. After an appeal, the extended

probation was changed to three (3) months.  As told by the President of the Union Local 587, Freddie Delgado, the Fire Chief, Maurice Kemp, was upset because Pons' extension probation period was changed from six (6) months to three (3) months.

16. On July 5, 2016, Pons was again subjected to another three (3) month extension of probation when the City alleged that he failed a written test he had taken three weeks earlier, which he had actually passed.  Normally, if a probationary Fire Fighter fails a test, the Fire Fighter is allowed to retake the test. Pons was also threatened with termination if he did not agree with the second three (3) month extension.

17. On the very last day of his three (3) month extension, September 30, 2016, Pons met with the Fire Chief, Maurice Kemp, Assistant Fire Chief, Joseph Zahralban, Assistant Chief of Management Services, Adrian Plasencia, and Executive Officer of Personnel, Captain Nigore, and was accused of lying about not having failed the written test mentioned above in paragraph 16.  The Fire Chief told him he could be terminated or could accept a 96-hour extension of his probation and admitting to failing the test.  Pons could not state he lied because he did not lie and thus, the Fire Chief terminated him.

18. Additionally, Pons was not paid for approximately forty (40) hours.  Specifically, Pons was subjected to a twenty-four (24) hour shift hold; he spent a day at a civil service hearing; and the day his employment was terminated collectively equate to approximately forty (40) hours for which Pons was not compensated.

19. Pons also spent three and one-half hours performing an engine checkout.  The City does not have any policies or procedures for standardized testing for probationary firefighters.  This serves as additional evidence of retaliation.

GALLUP AUERBACH • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

20. Pons contends that the real reason his probation was extended twice and the real reason he was accused of unsatisfactory performance and lying was because of his objections about his sister's discriminatory treatment and sexual harassment.

## COUNT I – RETALIATION UNDER TITLE VII

21. Plaintiff realleges and incorporates by reference as if fully set forth, the allegations in paragraphs 1 through 20.

22. Defendant violated the Title VII by retaliating against and terminating Plaintiff for objecting to sex discrimination and sexual harassment in Defendant's workplace.

23. As a result of Defendant's violations of Title VII, Plaintiff has been damaged.

WHEREFORE, Plaintiff, GIOVANNI PONS, prays that this Court will:

a. Order Defendant CITY OF MAIMI to remedy the retaliation of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Title VII.

## COUNT II – RETALIATION UNDER THE FCRA

24. Plaintiff realleges and incorporates by reference as if fully set forth, the allegations in paragraphs 1 through 18.

25. Defendant violated the FCRA by retaliating against and terminating Plaintiff for objecting to sex discrimination and sexual harassment in Defendant's workplace.

Gallup Auerbach • 4000 Hollywood Blvd, Suite 265 South • Hollywood, FL 33021• Tel: 954.894.3035 • Web:  gallup-law.com

26.     As a result of Defendant's violations of the FCRA, Plaintiff has been damaged.

WHEREFORE, Plaintiff, GIOVANNI PONS, prays that this Court will:

a. Order Defendant CITY OF MIAMI to remedy the retaliation of Plaintiff by:

   i. Paying appropriate back pay;

   ii. Paying prejudgment and post-judgment interest;

   iii. Paying front pay in lieu of reinstatement;

   iv. Paying for lost benefits including medical insurance, pension and retirement plan;

   v. Providing any other relief that is appropriate.

b. Enter an order against Defendant for compensatory damages;

c. Enter an order against Defendant for punitive damages;

d. Grant Plaintiff costs and a reasonable award of attorney's fees pursuant to Section 760.11(5), Florida Statutes.

## JURY DEMAND

Plaintiff herein demands trial by jury of all issues in this action.

>                    **GALLUP AUERBACH**
>                    *Counsel for Plaintiff*
>                    4000 Hollywood Boulevard
>                    Presidential Circle-Suite 265 South
>                    Hollywood, Florida 33021
>                    Telephone:    (954) 894-3035
>                    Facsimile:    (954) 894-8015
>                    E-mail: dgallup@gallup-law.com
>
>                    By:    /s/ Dana M. Gallup_____
>                           DANA M. GALLUP
>                           Florida Bar No.: 0949329